# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FILED
Scott L. Poff, Clerk
United States District Court

*By casbell at 5:41 pm, Mar 30, 2020*

MARVIN B. SMITH, III AND SHARON
H. SMITH,

      Appellants,

      v.

M. DELORES MURPHY, COHATE AND
COMPANY, P.C., ZACHARY HARRIS,
AND SAMUEL COHATE.

      Defendants.

No. 2:19—CV-74

## ORDER

This matter is before the Court on an appeal by Marvin and Sharon Smith ("the Smiths") of an Order from the United States Bankruptcy Court for the Southern District of Georgia denying the Smiths' "Emergency Motion for Enforcement of the Discharge Injunction and/or Automatic Stay and Motion for Contempt." See Smith et al v. M. Delores Murphy et al., No. 07-bk-20244, Dkt. No. 756.[1] This appeal arises out of a long history of litigation concerning property that the Smiths previously owned on Saint Simons Island, Georgia (the "Property"). The Court will assume the parties' familiarity with the lengthy background and procedural

---

[1] The procedural history of this case involves interrelated filings from multiple dockets. For clarity, the Court will cite to the case number of a given case before identifying the docket entry. If no case number is specified, the docket entry cited is the entry for the appeal at bar.

history of this case, which is set forth in more detail in this Court's order in Smith et al v. Murphy, No. 2:19-cv-75, Dkt. No. 18.

As an initial matter, the Court notes that in August 2017, the Smiths filed a motion in their underlying bankruptcy action seeking to enforce the automatic bankruptcy stay against Delores Murphy for similar reasons to those set forth in the matter appealed to the Court here. No. 07-bk-20244, Dkt. No. 733. In January 2018, the bankruptcy court denied the Smiths' motion, finding that "[p]arties cannot seek injunctive or declaratory relief by motion." No. 07-bk-20244, Dkt. No. 750. The Smiths did not appeal. Accordingly, to the extent that the Smiths are seeking injunctive relief enforcing the automatic stay through this motion, they are collaterally estopped from doing so pursuant to the bankruptcy court's order. In re Halpern, 810 F.3d 1061, 1064 (11th Cir. 1987) (finding that collateral estoppel applies where an identical issue was actually litigated and necessarily decided in an earlier action).

As it concerns the Smiths' alternate theory of recovery—the request for contempt sanctions—the Court rejects this claim for the same reason set forth in its order affirming the bankruptcy court's dismissal of the Adversary Proceeding; that is, the Court finds that the bankruptcy court lacked subject matter jurisdiction to enforce the automatic stay against Delores Murphy after the

Property was abandoned from the bankruptcy estate and the estate was declared fully administered. <u>See</u> No. 2:19-cv-75, Dkt. No. 18.[2] The fact that the Smiths seek to add the attorneys and law firm representing Murphy as respondents here does not effect this analysis.

The only additional claim in this matter that was not addressed in the Court's order on the Adversary Proceeding is that Murphy and her attorneys violated the discharge injunction. This argument is plainly meritless. The discharge injunction enjoins "the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524. The test adopted by the Eleventh Circuit for determining whether a creditor's action violated a discharge order is "whether the objective effect of the creditor's action is to pressure a debtor to repay a discharged debt." <u>Green Point Credit, LLC v. McClean</u> <u>(In re McClean)</u>, 794 F.3d 1313, 1322 (11th Cir. 2015). It is axiomatic that for a creditor to run afoul of the discharge order, they must actually be a creditor of the debtor's personal debt. Here, neither Delores Murphy nor her attorneys were creditors of the Smiths at the time their debt was discharged. Though they may

---

[2] That order also addresses other extraneous arguments that the Smiths made in their appeal on the Adversary Proceeding, which they have again made on this appeal, e.g. that they were denied the opportunity to conduct discovery. The Court adopts its reasoning from that order in rejecting those arguments again here.

have become—in some sense—creditors of the Smiths by obtaining a judgment against them—those judgments were secured after the Smiths' discharge from bankruptcy in June 2016. See No. 2:19cv75, Dkt. No. 7-2 at 67-74 (action for temporary restraining order filed in February 2017); see also No. 2:19cv75, Dkt. No. 7-2 at 33-35 (counterclaim by Delores Murphy filed in May 2017). Accordingly, none of the respondents before the Court here could have violated the discharge order.

**CONCLUSION**

For the reasons stated above, the bankruptcy court's order, No. 07-bk-20244, Dkt. No. 756, is **AFFIRMED**. The Clerk is **DIRECTED** to **DISMISS** the appeal.

**SO ORDERED**, this 30th day of March, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA